**DELTA CHEMICAL CORPORATION, Plaintiff–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of the Army; Margaret G. Zimmerman, Contracting Officer, Defendants–Appellees.**

No. 94–1652.

United States Court of Appeals, Fourth Circuit.

Argued July 21, 1994.

Decided Aug. 30, 1994.

**ARGUED:** Laurence Schor, Smith, Somerville & Case, Washington, DC, for appellant. Jeanette Plante, Asst. U.S. Atty., Baltimore, MD, for appellee. **ON BRIEF:** Douglas G. Worrall, Smith, Somerville & Case, Baltimore, MD, Susan L. Schor, Smith, Somerville & Case, Washington, DC, for appellant. Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for appellee.

Before WILKINSON and LUTTIG, Circuit Judges, and J. ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge WILKINSON and Judge JOSEPH ANDERSON, Jr., joined.

## OPINION

LUTTIG, Circuit Judge:

Appellees, the Secretary of the Army and an Army Contracting Officer, awarded a contract to a competitor of appellant Delta Chemical Corporation. After the General Accounting Office denied Delta's bid protest, Delta sought declaratory and injunctive relief in federal district court, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702–705, arguing *inter alia* that the Army was required to cancel the Invitation for Bids where, as here, the invitation overstated the Army's minimum needs. The district court refused to cancel the invitation. For the reasons that follow, we affirm.

### I.

In August 1993, the Army Corps of Engineers, Baltimore District ("Army"), issued an Invitation for Bids ("IFB," "solicitation," or "invitation"), soliciting bids on a contract to

1. The IFB erroneously stated that the aluminum sulfate should include at least 0.3% water soluble alumina by weight, whereas the specification

supply the Army with aluminum sulfate. Although Delta Chemical submitted the lowest bid, the Contracting Officer rejected its bid as "nonresponsive," and awarded the contract to Kemira Water Treatment, Inc., the next lowest bidder. Delta filed a bid protest with the General Accounting Office ("GAO"). In reviewing the IFB specifications in connection with Delta's protest, the Army discovered that the IFB overstated its needs and it revised its specifications to reflect the actual, more permissive requirements.[1] The GAO denied Delta's protest in March 1994. The GAO concluded that Delta's bid was properly rejected as nonresponsive. It found that the inaccurate specification in the IFB could not have prejudiced Delta, because Delta's nonresponsiveness was unrelated to the overstatement, and hence its bid would have been denied regardless. J.A. at A43–47.

Delta then sought declaratory and injunctive relief in the United States District Court for the District of Maryland, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702–705. On April 28, 1994, the district court held (1) that the Army's conclusion that Delta's bid was nonresponsive was not arbitrary or capricious, and (2) that the Army was not required to cancel the IFB simply because it overstated the Army's minimum needs. Delta challenges only the second of these rulings on appeal.

### II.

#### A.

Appellant contends that "[w]hen a solicitation overstates the government's actual minimum needs, the Contracting Officer has no discretion and *must* cancel the solicitation." Appellant's Br. at 10. Section 14.404–1 of the Federal Acquisition Regulation governs the cancellation of invitations after opening. 48 C.F.R. § 14.404–1 (1993). This provision, which was not discussed by either party, governs the sole issue on appeal, that is, whether an agency must cancel an IFB that includes an overstatement.

should have permitted a basicity in the range of 0.0% and 0.4%.

Subsection (b) of § 14.404–1 defines a single circumstance that *requires* cancellation, namely, "[w]hen it is determined before award but after opening that the requirements of 10.008 (relating to the availability and identification of specifications) have not been met." *Id.* § 14.404–1(b). Section 10.-008 ensures that IFB specifications are clearly identified and equally accessible to potential bidders. *Cf. Alpha Q, Inc.,* B–248706, 1992 WL 259125, at *2 (Compt. Gen. Sept. 18, 1992) ("The government has a general obligation when seeking bids or proposals to draft solicitations in a way that identifies the agency's needs with sufficient detail and clarity so that all vendors have a common understanding of what is required under the contract in order that they can compete on an equal basis."). Delta does not contend that the IFB violated § 10.008, nor could it, because the specifications, although inaccurate, were detailed and available to all bidders. Therefore, the only instance that mandates cancellation is not applicable in this case.

█ Subsection (c) lists ten circumstances where, if a "compelling reason" exists, 48 C.F.R. § 14.404–1(a)(1), "[i]nvitations *may be* cancelled and all bids rejected before award but after opening," within the sound discretion of the agency head. *Id.* § 14.404–1(c) (emphasis added).[2] In this case, the only provision that possibly applies is subpart (c)(2) which permits cancellation when "[s]pecifications have been revised." Here, the Army decided not to cancel the invitation, presumably for the reasons discussed by the GAO, *viz.,* the overstatement did not prejudice Delta. Nothing suggests that this determination was arbitrary or capricious. Therefore, contrary to appellant's arguments, the question of cancellation where specifications have been changed is committed to the discretion of the contracting agency, and the Army has exercised that discretion soundly in this case.

## B.

█ Both parties cite legal opinions of the Comptroller General of the United States as authority to support their respective positions. Opinions of the GAO, a political arm of the Congress, *see Bowsher v. Synar,* 478 U.S. 714, 727–32, 106 S.Ct. 3181, 3188–91, 92 L.Ed.2d 583 (1986), are not binding on this court or the executive branch. *See United States v. Alaska Pub. Util. Comm'n,* 23 F.3d 257, 262 (9th Cir.1994); *Diebold v. United States,* 947 F.2d 787, 804 (6th Cir.1991); Memorandum of the Office of Legal Counsel, Dec. 18, 1989, at 8 (OLC "has never regarded the legal opinions of the Comptroller General as binding upon the executive."). Moreover, the lack of consistency in the cited GAO opinions, both internally and between opinions, renders them of little value and undeserving of judicial deference.

Appellant relies extensively on two GAO decisions, *Donco Indust., Inc.,* B–230159.2, 1988 WL 227200 (Compt. Gen. June 2, 1988) and *International Trade Oversees, Inc.,* B–221824, 1986 WL 63318 (Compt. Gen. Apr. 1, 1986). Both *Donco* and *International Trade* do indeed recite that the best interest of the government requires cancellation where the IFB overstates the government's minimum needs. *Donco,* at *2; *International Trade,* at *1. Notwithstanding, for three reasons, we find the GAO opinions unpersuasive. First, neither opinion addressed an agency's refusal to cancel an invitation; rather, protesters Donco and International Trade challenged the agency's decision to cancel. Therefore, any statements as to a requirement of cancellation are *dicta.* Second, although both opinions cite the applicable provisions, neither reconciles its statement that cancellation is required with section 14.404–1(c), which permits, but does not require, cancellation. Finally, while both opinions recognize that the "determination of whether a sufficiently compelling reason exists" to justify cancellation is "within the discretion of the administrative agency and will not be disturbed absent proof that the decision was clearly arbitrary, capricious or not supported by substantial evidence," each opinion proceeds, without pause to recognize its internal inconsistency, to conclude that where an IFB overstates the

---

**2.** We recognize that subsections (b) and (c) refer to cancellations "before award but after opening." 48 C.F.R. § 14.404–1. However, the presumptions against cancellation are even stronger after the contract is awarded, as in this case.

government's needs, "the best interest of the government *requires* cancellation." *Donco,* at *2; *International Trade,* at *1 (emphasis added). A second turn of inconsistency follows when, after announcing this requirement of cancellation, the opinions undertake an abuse-of-discretion assessment, each concluding that cancellation was not improper. *Donco,* at *3; *International Trade,* at *2.

Appellees rely on *Diversified Energy Sys.; Essex Electro Eng'rs, Inc.,* B–245593.3, 1992 WL 63456 (Compt. Gen. Mar. 19, 1992), for the proposition that a defect in the invitation " 'does not justify cancellation after bid opening if award under the solicitation would meet the government's actual needs and there is no showing of prejudice to other bidders.' " Appellee's Br. at 11, 16 (quoting *Diversified Energy,* at *2). While *Diversified Energy* does include that language, and does support the Army's position, appellees fail to note the opinion's later conclusion that "in most cases, where an agency discovers that a solicitation overstates the government's minimum needs, the best interests of the government require that no award be made under the restrictive solicitation." *Diversified Energy,* at *3. In sum, no opinion of the Comptroller General is instructive in resolving the present case.

The appropriate standard of review under the Administrative Procedure Act is whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Aquino v. Stone,* 957 F.2d 139, 143 (4th Cir.1992). The Army's decision was plainly not subject to attack on any of these grounds. Under the applicable regulations, the Army was not required to cancel an IFB containing an overstatement of needs, and the Army's refusal to exercise its option to cancel was adequately reasoned and not "a clear error of judgment." *See id.*

## CONCLUSION

The judgment of the district court is affirmed.

***AFFIRMED.***